IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
UNITED STATES OF AMERICA,        )   CR. NO. 10-00527
                                 )
          Plaintiff,             )   ORDER DENYING DEFENDANT'S
                                 )   MOTION TO DISMISS INDICTMENT
     vs.                         )   OR IN THE ALTERNATIVE FOR AN
                                 )   ORDER REQUIRING A BILL OF
ESTRELLITA "ESTHER" GARO         )   PARTICULARS
MIGUEL,                    (01)  )
JENNIFER GARIN MIGUEL      (02)  )
YOLIE CASTILLO TIBURCIO,   (03)  )
VINAH CERIALES MORALES,    (04)  )
GERALDINE GARIN MIGUEL     (05)  )
LUKELA,                          )
TERESITA "TESSIE" FAELDONEA      )
SORINO,                    (06)  )
MARY ANN LAPENIA,          (07)  )
STEPHEN ELMER CALLO,       (08)  )
FELICIDA "FELICIA"         (09)  )
TABALBAG CORPUZ,                 )
ALBERT LONIKAUAKINI JOY    (10)  )
                                 )
          Defendants.            )
_____  )
```

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT OR
IN THE ALTERNATIVE FOR AN ORDER REQUIRING A BILL OF PARTICULARS

I.        INTRODUCTION.

On August 10, 2010, a grand jury returned a 33-page, 56-count Indictment against 10 Defendants. The Indictment charges Albert Lonoikauakini Joy ("Joy") and others with, among other things, having conspired to defraud mortgage lenders and to submit false loan applications to financial institutions to obtain mortgage loans. Joy moves to dismiss the Indictment on the ground that it fails to identify specific falsities in documents related to the loan transactions. Alternatively, Joy

says that the Government should be ordered, in a bill of particulars, to identify the false statements.  Numerous co-defendants join in Joy's motion.  This court denies the motion to dismiss or to order a bill of particulars.

II.       BACKGROUND.

Defendant Estrellita Miguel ("Esther Miguel") is allegedly the owner and principal broker of Easy Mortgage Corporation ("Easy Mortgage"), where Defendants Jennifer Miguel, Yolie Tiburcio ("Tiburcio"), Vinah Morales ("Morales"), Geraldine Miguel Lukela ("Geraldine Miguel"), and Teresita Sorino ("Sorino") allegedly worked as loan officers.  Esther Miguel and her loan officers allegedly worked with real estate agents, including Defendant Mary Lapenia ("Lapenia") and Joy (owner and operator of Hawaii Real Estate Professionals and a mortgage solicitor) to complete real estate transactions, such as allegedly fraudulent residential mortgage loans that Defendant Felicidad Corpuz is accused of having applied for.  These Defendants also allegedly worked with Defendant Stephen Callo ("Callo"), a certified public accountant.

Esther Miguel and the loan officers (Tiburcio, Sorino, Morales, and Geraldine Miguel) allegedly made or caused to be made false representations on mortgage applications.  Esther Miguel and Sorino allegedly did so by cutting and pasting documents, including bank statements, before submitting loan

applications to lending institutions.  Indictment ¶ 3(c). Lapenia, who owned a rental company, allegedly submitted rental verification documents containing false information.  Callo, the CPA, allegedly prepared and signed letters containing false information about loan applicants' employment.

Lenders, allegedly relying on the false statements in the loan applications, approved the loans and transferred funds to escrow companies in Hawaii in furtherance of the real estate transactions.  After the transactions were finalized, Esther Miguel and Joy allegedly distributed the loan proceeds.

The Indictment, issued on August 11, 2010, charges various Defendants with conspiracy to commit wire fraud and to make false statements as well as with substantive acts of wire fraud and/or the making of false statements on loan applications.

In Count 1, the Indictment charges that, from at least September 2003 to August 2010, Defendants conspired to devise a "scheme and artifice to defraud and to obtain money from lenders and others by means of materially false and fraudulent pretenses, representations and promises, as well as omissions of material facts" through the use of "wire communications, certain signs, signals, and sounds."  Indictment ¶ 2(a).  Defendants also allegedly conspired to "make false statements and reports for the purpose of influencing a financial institution in connection with loan applications."  Id. ¶ 2(b).

3

Counts 2 to 45 of the Indictment are substantive wire fraud charges. Esther Miguel and her loan officers, Callo (the CPA), Lapenia (owner of a rental company), and Joy (allegedly the owner of Hawaii Real Estate Professionals) are charged with having "devised and intended to devise a scheme and artifice to defraud, and a scheme and artifice for obtaining money from lenders and others by means of material false and fraudulent pretenses, representations, and promises, as well as by omissions of material facts" in violation of 18 U.S.C. §§ 1343 and 2. Each count lists the date of a specific wire communication through which the scheme was allegedly carried out, the Defendant(s) charged with the violation, and a description of the wire communication.

In Counts 46 to 56, specific Defendants are charged with having knowingly made false statements in loan applications for the purpose of influencing certain financial institutions in connection with a specific transactions in violation of 18 U.S.C. § 1014. The Indictment does not charge Joy with any false statement count.

On August 25, 2010, Joy filed the present motion seeking dismissal of the Indictment, or in the alternative, a bill of particulars. Joy says the Indictment fails to allege with particularity the falsities on the loan applications with respect to the conspiracy and wire fraud charges. This court

4

construes his motion as one seeking dismissal for failure to sufficiently state an offense.

III.     STANDARD OF REVIEW.

    A.     Indictment

An Indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." United States v. Awad, 551 F.3d 930, 935 (9th Cir. 2009) (quotations omitted). The test for sufficiency is "not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." United States v. Hinton, 222 F.3d 664, 672 (9th Cir. 2000). An indictment must be read in its entirety and with "common sense practicality" to determine if it contains the elements of the offense charged. Awad, 551 F.3d at 936.

On a motion to dismiss an indictment for failure to state an offense, a court accepts the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are

not supported by adequate evidence.  United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

        B.        Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides for a bill of particulars:

> The court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.  The government may amend a bill of particulars subject to such conditions as justice requires.

The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow a defendant to prepare a defense.  United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984).

A motion for a bill of particulars is appropriate when an Indictment is insufficient to permit the preparation of an adequate defense.  United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985).  When determining whether a bill of particulars should be ordered, a court considers if the defendant has been adequately advised of the charges through the indictment and all other disclosures made by the Government.  Id.

While a bill of particulars is intended to give a defendant only the minimum amount of information necessary to permit the defendant to conduct his own investigation, it is not

the proper means by which a defendant may obtain the names of any unknown conspirator or determine the overt acts constituting the charged activity. Id. at 897.

IV.     ANALYSIS.

Joy[1] says that the Indictment should be dismissed, or, alternatively, that the court should order a bill of particulars providing more detail about the conspiracy and wire fraud charges. This court is not persuaded.

     A.     Dismissal of The Indictment Is Not Warranted.

Joy argues that the Indictment fails to sufficiently state the offenses of conspiracy and wire fraud because the Indictment does not identify the specific false information submitted to and relied on by lenders. Joy does not argue for dismissal of the false statement charges, as Joy is not charged with having made any false statement. Accordingly, this court does not analyze those charges.

As Joy puts it, "[T]he indictment fails to identify with any particularity what information in the loan applications, verification of rent forms, and letter is false." However, identification of particular false information is not a necessary

---

[1] Esther Miguel, Jennifer Miguel, Lukela, Lapenia, Corpuz, Morales, Callo, and Sorino join the motion to dismiss. Corpuz and Morales are not charged with wire fraud, and this court's order discussing wire fraud is thus inapplicable to Corpuz and Morales. In all other respects, this court's order and reasoning are applicable to Joy and all Defendants joining in Joy's motion.

part of a charge of conspiracy or wire fraud.

To establish a conspiracy to commit wire fraud or make false statements, the Government must establish that (1) a defendant entered into an agreement with others to commit wire fraud or make false statements, (2) the defendant knowingly participated in the conspiracy with the intent to commit wire fraud or make a false statement, and (3) at least one overt act was committed in furtherance of the conspiracy.  <u>United States v. Alston-Graves</u>, 435 F.3d 331, 336-37 (D.C. Cir. 2006); <u>see also</u> <u>United States v. Bonanno</u>, 852 F.2d 434, 440 (9th Cir. 1988) (noting that conspiracy is established where there is an agreement to accomplish an illegal objective, the commission of one or more overt acts in furtherance of the illegal purpose, and the requisite intent by the defendant to commit the target offense).

The Indictment contains all three elements.  The Indictment alleges that Joy "did knowingly and willfully conspire with" others to commit wire fraud or make a false statement, satisfying the first two elements.  Indictment ¶ 2.  The Indictment then goes on to describe several dozen overt acts that Defendants allegedly committed in furtherance of the conspiracy.  For each overt act, the Indictment identifies the Defendant(s) involved, the date of a wire or a document allegedly containing false information, and the specific property at issue.  That is

more than sufficient to state the offense of conspiracy.

With respect to the substantive wire fraud charges, Joy argues that the Indictment does not identify specific material false statements or omissions giving rise to the charges. This court is not persuaded that a failure to identify specific falsities justifies dismissal of a wire fraud charge.

The wire fraud statute provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343.

The elements of wire fraud are a scheme to defraud, the use of interstate wires incident to the scheme, and an intent to deceive or defraud. United States v. Treadwell, 593 F.3d 990, 997 (9th Cir. 2010); United States v. Shipsey, 363 F.3d 962, 971 (9th Cir. 2004).

Each substantive wire fraud charge alleges all three elements. As to the first element, the Indictment says that Defendants schemed and intended to defraud others. As to the second element, each wire fraud count states the specific date that a wire was used to transfer money from an out-of-state

financial institution to Hawaii. Finally, the Indictment charges Defendants with having intended to devise a scheme to defraud. That is sufficient to state the offense of wire fraud.[2]

Joy cites no law, and this court has found none, for the proposition that an Indictment must explain and identify the false statements to state an offense of wire fraud. See United States v. Stringer, 2005 WL 1231183, *2 (D. Or. May 20, 2005) (examining an indictment charging wire fraud and concluding that it was sufficient even though it did not identify specific false statements).

In sum, the Indictment sufficiently charges a conspiracy, as well as substantive wire fraud. Joy's argument to the contrary is without merit.

B.      A Bill of Particulars is Not Warranted.

Alternatively, Joy asks this court to order a bill of particulars to identify the false statements so that he can

---

[2] The wire fraud statute forbids both schemes to defraud *and* schemes to obtain money or property by means of false or fraudulent pretenses, representations, or promises. A scheme to defraud "need not include false representations to violate the wire fraud statute." United States v. Clausen, 792 F.2d 102, 104-05 (8th Cir. 1982). The Indictment charges Joy with having devised both a scheme and artifice to defraud and a scheme and artifice to obtain money from lenders and others by means of material false and fraudulent pretenses. Where "a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those acts conjunctively charged may establish guilt." United States v. Bonanno, 852 F.2d 434, 440-41 (9th Cir. 1988).

adequately prepare a defense. As the false statements are not necessary for Joy to adequately prepare a defense, a bill of particulars is not necessary.

Joy complains that the Indictment does not identify specific false statements in loan documents. The signing of loan documents themselves may constitute overt acts in furtherance of a conspiracy. Joy is, in essence, arguing that the "overt acts" are not sufficiently specific. However, the Ninth Circuit has held that a bill of particulars is not warranted when a defendant seeks delineation of the overt acts of a conspiracy. DiCesare, 765 F.2d at 898.

Additionally, Counts 46 to 56, which charge other Defendants with having made false statements on loan applications, identify various alleged false statements. Read as a whole, the Indictment sets forth in sufficient detail the nature of the charged conspiracy, numerous overt acts, and alleged misrepresentations. The Government further notes that it has provided Defendants with voluminous discovery. Even without such discovery, the Indictment provides Joy with sufficient notice of the charges against him and allows him to prepare a defense. Under these circumstances, a bill of particulars is not necessary. DiCesare, 765 F.2d at 897.

V.      CONCLUSION.

This court denies Joy's motion for dismissal of the Indictment, or in the alternative, for a bill of particulars.

IT IS SO ORDERED.

DATED:    September 9, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Joy, et al, 10cr527; ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT OR IN THE ALTERNATIVE FOR AN ORDER REQUIRING A BILL OF PARTICULARS.